IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Christine M. Arguello

Criminal Action No. 14-cr-00144-CMA-4

UNITED STATES OF AMERICA,

       Plaintiff,

**v.**

4.  MARCO CASTRO-CRUZ,
     a/k/a Juan Ramirez-Perez,
     a/k/a Manuel Castro-Cruz,
     a/k/a Rogelio Martinez-Escalante,
     a/k/a Guero,

       Defendant.

---

## ORDER DENYING THE  GOVERNMENT'S MOTION IN LIMINE

---

The case is before the Court on the Government's Motion asking for "A Ruling That the Defendant's 2006 Arizona Conviction Under A.R.S.13-3041 and 13-1308 Is a Prior Conviction for a 'Felony Drug Offense' for Purposes of Title 21 U.S.C. § 841(b) and Title 21 U.S.C. § 851" ("Motion").  (Doc. # 1967).  Defendant Marco Castro-Cruz ("Defendant") filed a Response (Doc. # 2008) and the Government filed a Reply (Doc. # 2012).  After reviewing the pleadings and the applicable law, the Court denies the Government's Motion.

## I.     BACKGROUND

Defendant is scheduled for sentencing in this case due to his entry of a guilty plea on February 5, 2108.  In 2006, Defendant was convicted in the Superior Court of

Arizona, Maricopa County in case number CR 2000-041188 of a narcotic drug violation ("Arizona conviction"). The Government argues that Defendant's sentence should be enhanced pursuant to 21 U.S.C. § 841(b) because his Arizona conviction constitutes a prior "felony drug offense." Defendant admits to incurring the Arizona conviction but contests that it qualifies as a prior "felony drug offense" for purposes of 21 U.S.C. § 841(b).

To determine whether Defendant's Arizona conviction qualifies as a predicate offense for purposes of a 21 U.S.C. § 841(b) sentence enhancement, the Court first analyzes the Arizona conviction under a "categorical approach." Under limited circumstances, the Court can utilize a "modified categorical approach" analysis. *United States v. Madkins*, 866 F.3d 1136, 1144-45 (10th Cir. 2017).

## II.     ANALYSIS

### A.  CATEGORICAL APPROACH

The categorical approach requires the Court to compare the scope of the conduct covered by the elements of the state statute, in this case A.R.S. § 13-3408, with 21 U.S.C. § 802(44)'s definition of a "prior state felony conviction," to determine whether A.R.S. § 13-3408 criminalizes a broader range of conduct than that conduct criminalized by 21 U.S.C. § 841(b). A state statute criminalizes a broader range of conduct than the federal statute if its elements are broader than the elements of the federal statute, or if the state statute allows a conviction on the proof of fewer elements than the elements that the federal statute requires for conviction. *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013). Thus, the Court compares the elements of the prior state conviction with the elements of the federal predicate offense to see if there is a match. *Id.* If the

elements of the state conviction are the same as or narrower than the elements of the federal offense, then the state crime is a categorical match and the conviction qualifies as a sentence enhancer. *See Taylor v. United States*, 495 U.S. 575, 599 (1990).

Applying the categorical approach, this Court concludes that Defendant's Arizona conviction is not available to enhance his sentence in this case because A.R.S. § 13-3408's "narcotic drug" element criminalizes possession of Benzylfentanyl and Thenylfentanyl, which are not on the Federal Controlled Substance Schedule. As such, it criminalizes conduct more broadly than 21 U.S.C. § 841(b). *See Vera-Valdevinos v. Lynch*, 649 Fed. Appx. 597 (9th Cir. 2016) (not selected for publication) (noting that "[a]t oral argument, the government conceded that Ariz. Rev. Stat. § 13-3408 is overbroad because Arizona prohibits criminal possession of two substances, Benzylfentanyl and Thenylfentanyl, which are not on the Federal Controlled Substance Schedule."); *United States v. Tavizon-Ruiz*, 196 F.Supp.3d 1076, 1079 (N.D.Cal. 2016) (noting that "[t]he government …  agrees that convictions under A.R.S. Section 13-3408 no longer qualify as aggravated felonies for purposes of the immigration laws" based on the application of *Vera-Valdevinos*.)

## B. MODIFIED CATEGORICAL APPROACH

The Government asserts that the Court should analyze Defendant's conviction using the "modified categorical approach," that is, by reviewing the documents in the Defendant's Arizona conviction file to confirm that the conviction qualifies as a sentence enhancement. The Court may utilize the modified categorical approach if, under a categorical approach analysis, a conviction is not available as an enhancer, *Descamps,* 133 S.Ct. at 2285, and the state criminal statute of the conviction is divisible, *Madkins,*

866 F.3d at 1145. The Court cannot utilize the modified categorical approach if it concludes that the state criminal statute is indivisible. *United States v. McKibbon*, 878 F.3d 967, 974 (10th Cir. 2017). In that instance, the Court's determination under the categorical approach that the state conviction is unavailable for enhancement of the Defendant's sentence becomes final.

The Government argues that the Court should find that A.R.S.13-3408 is divisible. Such a determination would require this Court to disregard the conclusion of the court in *Vera-Valdevinos*, 649 Fed.Appx. at 597, that A.R.S.13-3408 is indivisible.

A state criminal statute is divisible if it sets forth the elements of different criminal offenses rather than simply different means by which a person commits a single criminal offense. *Mathis v. U.S.*, 136 S.Ct. 2243 (2016).

A.R.S. § 13-3408 states in relevant part:

A. A person shall not knowingly:

    7: Transport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug.; and

B. A person who violates:

    7: Subsection A, paragraph 7 of this section is guilty of a class 2 felony.

One example of an indivisible statute is a statute that requires that a jury find the use of an indeterminate "weapon" to convict a defendant, even if they did not agree on the particular weapon used, rather than requiring that a specific weapon be charged and agreed upon by them. *Descamps*, 133 S.Ct. at 2290. "[A] statute is indivisible if the jury may disagree on the fact at issue yet still convict." *Lopez-Valencia v. Lynch*, 798 F.3d 863, 869 (9th Cir. 2015).

Revised Arizona Jury Instruction 34.0871 (3d ed.), which outlines the elements

necessary for a jury to convict under A.R.S. § 13-3408 provides: "The crime of

[transporting narcotic drugs for sale] [importing narcotic drugs into this state] [selling

narcotic drugs] [transferring narcotic drugs] requires proof of the following: 1. The

defendant knowingly [transported a narcotic drug for sale] [imported a narcotic drug into

this state] [sold a narcotic drug] [transferred a narcotic drug]; *and* 2. The substance was

in fact a narcotic drug."

The Court in *Vera-Valdevinos* determined that, although Jury Instruction 34.0871

includes the element "narcotic drug," which the jury must unanimously find has been

proven in order to convict a defendant, it does not require the jury to find that a specific

narcotic drug has been proven to convict. Thus, different members of a jury could

conclude that a defendant possessed different drugs, e.g., benzylfentanyl versus cocaine

versus heroin, but still convict the defendant if they unanimously agreed that he

possessed a "narcotic drug." *See Vera-Valdevinos,* 649 Fed.Appx. at 599, n. 1. As

such, the *Vera-Valdevinos* court concluded that A.R.S. § 13-3408 was indivisible

because it identified different means by which a person can commit a single offense, not

alternative elements for different offenses.

This Court finds no reason to disregard this analysis and conclusion of the *Vera-*

*Valdevinos* court. Accordingly, it would be inappropriate for this Court to apply the

modified categorical approach in this case.

### III.     CONCLUSION

For the foregoing reasons, the Court DENIES the Government's Motion (Doc. #

1967) and finds that Defendant's 2006 Arizona conviction of violation of A.R.S. § 13-3408

is not available to enhance his sentence in this case.

DATED January 25, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge