**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 14-cr-00144-CMA-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  MARCO CASTRO-CRUZ,
     a/k/a Juan Ramirez-Perez,
     a/k/a Manuel Castro-Cruz,
     a/k/a Rogelio Martinez-Escalante,
     a/k/a Guero,

    Defendant.

## ORDER DENYING GOVERNMENT'S MOTION TO RECONSIDER

The case is before the Court on the Government's "Motion for Reconsideration of Order (Doc. # 2055) Regarding 21 U.S.C. § 851 Information" ("Motion"). (Doc. # 2074). After reviewing the Motion and the applicable law, the Court denies the Motion.

The Government argues the categorical approach, which the Court used to resolve the Government's prior Motion in Limine, does not apply to the issue of whether Defendant's prior Arizona State conviction can be used to enhance his sentence in this case. The Court rejects this position based on the authorities cited in its Order. (Doc. # 2055).

The Government also argues that 21 U.S.C. § 841(b) defines "felony drug offense" more expansively than the Court previously construed it. The Government contends that because 21 U.S.C. § 802 (44)'s definition of felony drug offense includes

offenses "**relating to** narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances" (emphasis added), 21 U.S.C. § 841(b) captures Defendant's Arizona State conviction.  It appears to this Court that, in making this argument, the Government has taken a page from the dissent in *Mellouli v. Lynch*, 135 S.Ct. 1980, 1991-2 (2015)(phrase "relating to" encompasses state offenses included in state statutes that regulate more substances than the federal statutes).

However, the Supreme Court rejected such an argument in *Mellouli* itself. Therein, the defendant, a lawful permanent resident, pleaded guilty to possession of drug paraphernalia under Kansas law, based on a statute that regulated nine substances not included in the federal lists.  Relying on 8 U.S.C. § 1227(a)(2)(B)(i) which renders deportable those individuals convicted under state statutes "**relating to** a controlled substance (as defined in section 802 of title 21), the Immigration and Customs Enforcement ("ICE") sought to deport the defendant. ICE did not identify the substance that the defendant possessed, because it concluded that it did not have to do so based on the purported breadth of § 1227(a)(2)(B)(i). *Mellouli*, 135 S. Ct. at 1983-4. The Government argued to the Supreme Court "that the overlap between state and federal drug schedules supports the removal of aliens convicted of *any* drug crime" irrespective of whether the state statute regulates more substances than the federal statutes.  *Id.* at 1989.  However, the Supreme Court rejected this argument, stating:

> We therefore reject the argument that *any* drug offense renders an alien removable, without regard to the appearance of the drug on a § 802 schedule. Instead, to trigger removal under § 1227(a)(2)(B)(i), the Government must connect an element of the alien's conviction to a drug "defined in [§ 802]."

*Id.* at 1991.

To achieve its goal of enhancing Mr. Castro Cruz's sentence pursuant to 21 U.S.C. § 841(b), the Government is asking this Court to interpret the "relating to" language of 21 U.S.C. § 802 (44) in a manner that has been rejected by the Supreme Court. In essence, the Government is asking this Court to ignore the majority decision and implement the dissent in *Mellouli*. The Court declines to do so.

The Government also argues that 21 U.S.C. § 851(c)(1) requires the Court to convene a fact-finding hearing regarding Defendant's Arizona conviction, again as a basis to circumvent the Court's use of the categorical approach. However, it was the Government that asked this Court "for a ruling, in advance of the sentencing hearing set for January 18, 2018, that the defendant's 2006 Arizona Superior Court conviction under A.R.S. 13-3041 and 13-1308 is a prior state drug felony conviction for purposes of Title 21 U.S.C. § 841(b) and Title 21 U.S.C. § 851 pertaining to recidivist offenders." (Doc. # 1967 at 1.)

The pertinent language of § 851(c)(1) is as follows:

> If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment.

However, in his response to the Government's Motion, Defendant Castro-Cruz does not deny the allegations relating to the prior conviction or claim that his Arizona conviction is invalid. Rather, he contests, as a legal matter, that his "2006 Arizona Offense qualifies as a prior "felony drug offense" within the meaning of the sentencing-enhancement provisions of 21 U.S.C. §§841(b)(1) (A)(i) and 841(b)(1)(B)(ii)(II) in light of

the recently authored opinion of *United States v. McKibbon*, No. 16-1493 (10th Cir. Dec. 28, 2017)." Thus, there is no factual dispute. This is a legal dispute for which a hearing is unnecessary.

Accordingly, the Court DENIES the Government's Motion for Reconsideration.

DATED: February 1, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge